Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Telephone: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
NADEEM MOASIS

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEEM MOASIS | Case No. **'16CV3014 LAB JMA** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| TRANS UNION LLC | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff NADEEM MOASIS alleges as follows:

## INTRODUCTION

1. Plaintiff NADEEM MOASIS (hereinafter referred to as "Plaintiff"), brings this lawsuit against TRANS UNION LLC (hereinafter referred to as "Defendant") for violations of the Fair Credit Reporting Act ("FCRA") and California

Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff brings this action to seek actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. section 1681a(c) and California Civil Code section 1785.3.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant is a "consumer reporting agency" as defined under 15 U.S.C. section 1681a(f) and California Civil Code section 1785.3.

7. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the defendant's agents, servants, employees, or partners, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and the defendant is responsible for their acts and omissions alleged in this complaint.

## JURISDICTION

8. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et. seq*. This Court also has jurisdiction under 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the FCRA and CCRAA. Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. section 1391.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# RELEVANT FACTS

11. On May 2, 2015, Plaintiff realized he was a victim of identity theft, and as a result, immediately filed a police report and completed the FTC Identity Theft Victim's Complaint and Affidavit.

12. On June 12, 2015, Plaintiff's counsel sent, via certified mail return receipt requested, a written notice to Defendant informing it that the Fidelity Recovery Service Account was subject to identity theft. A copy of the FTC Identity Theft Victim's Complaint and Affidavit, was attached to the notice.

13. The certified mail return receipt shows that Defendant received this information on June 15, 2015.

14. On September 23, 2016, Plaintiff obtained a copy of his credit report from Defendant because he was interested in obtaining a home mortgage.

15. The September 23, 2016 credit report Plaintiff obtained from Defendant, however, indicated under the public records section, that an outstanding judgment had been entered against Plaintiff for the Fidelity Recovery Service Account, but made no mention of the fact that the judgment had been disputed for identity theft by Plaintiff. This caused Plaintiff stress and anxiety because this derogatory item on his credit report would adversely affect his home mortgage application.

16. On October 11, 2016, Plaintiff obtained another copy of his credit report, which indicated that an outstanding judgment had been entered against Plaintiff for the Fidelity Recovery Service Account, but made no mention of the fact that the judgment had been disputed for identity theft by Plaintiff. This caused Plaintiff stress and anxiety because this derogatory item on his credit report would adversely affect his home mortgage application.

17. Defendant continued to report under the public records section, that an outstanding judgment had been entered against Plaintiff for the Fidelity Recovery Service Account, but made no mention of the fact that the judgment had been disputed for identity theft by Plaintiff.  This caused Plaintiff stress and anxiety

because this derogatory item on his credit report would adversely affect his home mortgage application.

18. The injury suffered by Plaintiff is concrete because Defendant's inaccurate reporting caused Plaintiff's credit score to drop directly impacting Plaintiff's credit availability and finances.

## FIRST CAUSE OF ACTION
### (Violation of the FCRA)

19. Plaintiff re-alleges paragraphs 1 through 18, above, as if fully set forth herein.

20. Defendant violated the FCRA by violating 15 U.S.C. section 1681e(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report. Specifically, Defendant failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in his dispute including a copy of the FTC Identity Theft Victim's Complaint and Affidavit, failed to notate that the judgment was disputed and obtained via identity theft, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

21. As a result of each and every violation of the FCRA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to his credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

22. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2).

23. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive

damages pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3).

## SECOND CAUSE OF ACTION
**(Violations of the CCRAA)**

24. Plaintiff re-alleges paragraphs 1 through 23, above, as if fully set forth herein.

25. Defendant TRANS UNION violated the CCRAA by violating Civil Code section 1785.14(b).

26. Defendant TRANS UNION violated the CCRAA by violating Civil Code section 1785.14(b) when it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff's credit report. Specifically, Defendant failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to update, correct or delete the inaccurate information, failed to consider all relevant information supplied by Plaintiff in his dispute including a copy of the FTC Identity Theft Victim's Complaint and Affidavit, failed to notate that the judgment was disputed and obtained via identity theft, and failed to employ and follow reasonable procedures to prevent such inaccurate reporting.

27. As a result of each and every violation of the CCRAA, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, damage to her credit report and credit score, and out-of-pocket expenses the exact amount of which is to be proven at trial.

28. As a result of each and every violation of the CCRAA, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.31(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1785.31(a)(2)(B).

## **PRAYER FOR DAMAGES AND OTHER REMEDIES**

1. For actual damages;
2. For statutory damages;
3. For attorneys' fees;
4. For costs of suit herein incurred;
5. For interest according to law; and
6. For other and further relief as the court may deem proper.

DATED:  December 13, 2016          **MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
NADEEM MOASIS